IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

NASIR MUBIN,

       Petitioner,

v.

                                       CIVIL ACTION NO. 2:15cv365
                                       CRIMINAL ACTION NO. 2:04cr16

UNITED STATES OF AMERICA,

       Respondent.

### *MEMORANDUM OPINION AND ORDER*

Before the Court are two petitions filed by Nasir Mubin ("Petitioner"): (1) a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (2:15cv365, ECF No. 1) and (2) a Supplement to Motion to Vacate Sentence Under 28 U.S.C. § 2241; Alternative Petition for Relief under 28 U.S.C. § 2255(e); Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for Writ of *Audita Querela* (2:04cr16, ECF No. 382). Petitioner seeks to challenge his sentence in both petitions on the same grounds in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). For reasons discussed below, Petitioner's motions are **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On June 1, 2004, Petitioner pled guilty to Count One of the Indictment charging him with Conspiracy to Distribute and Possess with Intent to Distribute 100 Grams or More of Heroin, in violation of 21 U.S.C. § 846, § 841(a)(1), and § 841(b)(1)(B). As part of his Plea Agreement, Petitioner received an enhanced advisory guideline range because of his extensive criminal history and designation as a "career offender" under the United States Sentencing Guidelines ("Guidelines").

Petitioner has prior convictions for: Possession of a Sawed-Off Shotgun (1992); Driving on a Suspended License (1992); Robbery (two counts) (1993); Robbery and Attempted Grand Larceny From a Person (1993); (Failure to Appear 1993); Receiving Stolen Property (1993); Destruction of Property (1993); and Conspiracy to Distribute Imitation Controlled Substances (MDMA) (2003). As a result, Petitioner accumulated 16 criminal history points in his sentencing guideline computation, resulting in a total offence level of 31 and criminal history category of VI. On October 20, 2004, the Court sentenced Petitioner to 166 months imprisonment, below the advisory guideline range of 188 to 235 months, to be served concurrently with another sentence imposed by the Circuit Court of Virginia Beach. Petitioner did not object at that time to his career offender designation.

Petitioner filed two separate petitions. On July 27, 2015, Petitioner submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Three days prior on July 24, 2015, Petitioner filed a Supplement to Motion to Vacate Sentence Under 28 U.S.C. § 2241; Alternative Petition for Relief under 28 U.S.C. § 2255(e); Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for Writ of *Audita Querela*. Petitioner argues his sentence should be vacated because he was improperly classified as a career offender under § 4B1.1 of the Guidelines. Petitioner relies on the United States Supreme Court's recent ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the Armed Career Criminal Act of 1984's ("ACCA") residual clause defining a violent felony unconstitutionally vague and thereby finding sentences enhanced by the ACCA unconstitutional. *Johnson* announced a new substantive constitutional rule and therefore applies retroactively for collateral review in ACCA cases. Although Petitioner received an enhanced sentence for his predicate offenses under the Sentencing Guidelines, not the ACCA, Petitioner reasons that the "crime of violence" language stated in U.S.S.G. § 4B1.2

2

resembles the language found in the unconstitutional vague residual clause of the ACCA. Mot. to Vacate 4-5, 2:04cr16, ECF No 382. Petitioner requests that the Court vacate his sentence under *Johnson* and hold a resentencing hearing. *Id.* at 7.

On December 3, 2015, the Government filed a Response in Opposition to Petitioner's § 2241 Motion. On February 22, 2016, the Government also filed a Response in Opposition to Petitioner's § 2255 Motion. In both briefs, the Government argues that Petitioner cannot obtain relief under *Johnson* because he was sentenced under the Guidelines, not the ACCA. The Government also contends that Petitioner's request is time-barred, procedurally defaulted, and cannot succeed on the merits. On December 21, 2015 Petitioner filed a Reply conceding that he cannot obtain post-conviction relief other than through § 2255 but reiterating that his sentence should be vacated under *Johnson*.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2241

A federal prisoner seeking to challenge the execution and duration of his confinement without challenging the underlying conviction may file a habeas corpus petition pursuant to 28 U.S.C. § 2241. Section 2241 petitions generally must be brought in the district in which the prisoner is confined. *See In re Jones*, 226 F.3d 328 (4th Cir. 2000). District courts are limited to granting habeas relief to prisoners "within their respective jurisdictions." *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 497 (1973).

As discussed below, a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may collaterally challenge the legality of his detention. *Jones*, 226 F.3d at 332. However, Congress created a "savings clause" in § 2255 to allow a federal prisoner to file a § 2241 petition if the remedy under § 2255 is "inadequate or ineffective to test the legality of his

detention." 28 U.S.C. § 2255(e); *see also Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014).

"If a federal prisoner brings a § 2241 petition that does not fall within the scope of this 'savings

clause,' then the district court must dismiss the 'unauthorized habeas motion . . . for lack of

jurisdiction.'" *United States v. Surratt*, 797 F.3d 240, 247 (4th Cir. 2015) (quoting *Rice v. Rivera*,

617 F.3d 802, 807 (4th Cir. 2010).

Simply because the petitioner cannot obtain relief under § 2255 does not render the motion

"inadequate or ineffective." Rather the petitioner must show (1) at the time of conviction, settled

law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent

to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the

conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner

cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of

constitutional law. *Jones*, 226 F.3d at 333-34.

## B. 28 U.S.C. § 2255

Petitioner also seeks relief under Section 2255 of Title 28 of the United States Code. It

provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

28 U.S.C. § 2255. In a proceeding to vacate a judgment of conviction, the petitioner bears the

burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*,

261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers, such as Petitioner, are entitled to

more liberal construction of their pleadings, particularly when alleging civil rights claims. *See*

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978)

(providing that a *pro se* petitioner is entitled to have his petition construed liberally and is held to

less stringent standards than an attorney drafting the complaint).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the

motion and the files and records of the case conclusively show that the prisoner is entitled to no

relief." 28 U.S.C. § 2255(b). Motions under § 2255 "will not be allowed to do service for an

appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated

on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v.*

*United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

## DISCUSSION

Petitioner challenges his federal sentence as unconstitutional in light of the United States

Supreme Court's ruling in *Johnson* v. *United States*, 135 S.Ct. 2551 (2015), holding that federal

sentences enhanced under the residual clause of the ACCA are unconstitutional. However,

Petitioner received an enhanced sentence under the United States Sentencing Guidelines

("Guidelines"), not the ACCA. The Fourth Circuit has held that defendants sentenced as career

offenders under the Guideline's residual clause (§4B1.2) may pursue collateral review under the

new substantive rule announced in *Johnson* and made retroactive in *Welch v. United States*, 136

S.Ct. 1257 (2016). *In re Hubbard*, --- F.3d ----, WL 3181417 * 7 (4th Cir. 2016) ("[T]he rule in

*Johnson* is substantive with its application to the Sentencing Guidelines and therefore applies

retroactively"). The United States Supreme Court has yet to rule on this precise issue. *Beckles v.*

*United States*, --- S.Ct. ----, 2016 WL 1029080 (Mem.). Because Petitioner's claims fail on the

merits, this Court need not address *Johnson*'s applicability to the Guidelines.

**A. Construing Petitioner's Multiple Petitions as a Single § 2255 Petition**

Petitioner filed a number of *pro se* motions with the Court challenging the constitutionality of his sentence including a §2241 Habeas Petition; an Alternative §2255 Motion to Vacate, Set Aside, or Correct Sentence; an Alternative Petition for Writ of *Coram Nobis*; and an Alternative Petition for Writ of *Audita Querela*.

Petitioner improperly seeks relief pursuant to 28 U.S.C. § 2241. A federal prisoner challenging the execution of his sentence should file an application for a writ of habeas corpus pursuant to § 2241. However, an application for a writ of habeas corpus that attacks the *imposition* of a sentence should be brought pursuant to 28 U.S.C. § 2255. *Swain v. Pressley*, 430 U.S. 372, 377-78 (1977); *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973) (holding that § 2255 serves as the "exclusive" remedy for federal prisoners challenging federal sentences). Petitioner seeks to challenge his sentence on the grounds that the Court imposed an unconstitutional sentence; therefore, he is clearly attacking the imposition of his sentence and not its execution. Petitioner has not established that § 2255 provides an "inadequate or ineffective" means of redress and must pursue relief through a § 2255 motion.

Additionally, the Court lacks jurisdiction to rule on Petitioner's § 2241 petition. As stated above, district courts are limited to granting habeas relief under § 2241 to prisoners "within their respective jurisdictions." *Braden*, 410 U.S. at 497. Petitioner seeks relief while incarcerated at FCI Schuylkill in the Middle District of Pennsylvania, while this Court sits in the Eastern District of Virginia. Accordingly, Petitioner must seek review of this particular claim through a § 2255 motion.

Further, writs of *coram nobis* and *audita querela* are both common law writs typically used as a last resort by federal prisoners seeking collateral review of their sentences. *In re Van*

*Wagner*, No. 95-8030, 1995 WL 496802 (4th Cir. 1995) (holding that a writ of *coram nobis* may

be granted when "no other remedy is available" and that a writ of *audita querela* may be granted

when an objection is "not addressable pursuant to other post-conviction remedies."); *see also*

*United States v. Morgan*, 346 U.S. 502, 510-11 (1954) ("Continuation of litigation after the final

judgment and exhaustion or waiver of any statutory right of review [e.g. a § 2255 motion] should

be allowed through [the] extraordinary remedy [of *coram nobis*] only under circumstances

compelling such action to achieve justice."). Furthermore, petitioners seeking relief under a writ

of *coram nobis* must satisfy "four essential prerequisites" including that "a more usual remedy

(such as habeas corpus) is unavailable." *Bereano v. US*, 706 F.3d 568, 572 (4th Cir. 2013).

Because Petitioner claims are cognizable under 28 U.S.C. §2255, the Court dismisses

Petitioner's Alternative Petition for Writ of *Coram Nobis* and Alternative Petition for Writ of

*Audita Querela*.

The Court recognizes Petitioner filed his petitions *pro se*, and therefore construes them all

as a single motion pursuant 28 U.S.C. § 2255. *See McNair v. McCune*, 527 F.2d 874 (4th Cir.

1975) (construing *pro se* submission liberally); *Miller v. United States*, 564 F.2d 103, 105 (1st

Cir. 1977) (construing habeas petition as one brought under§ 2255).

## B. Petitioner's § 2255 Petition

### 1. The Timing of Petitioner's § 2255 Motion

A §2255 motion must be filed within the one year statutory period proscribed in §

2255(f). The period starts from the latest of: (1) the date on which the judgment of conviction

becomes final; (2) the date on which the impediment to making a motion created by

governmental action in violation of the Constitution or laws of the United States is removed, if

the movant was prevented from making a motion by such governmental action; (3) the date on

which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

After the United States Supreme Court issued its ruling in *Johnson*, the Supreme Court ruled in *Welch* that *Johnson* provided a new substantive rule of constitutional law permitting collateral review of sentences imposed under the residual clause of the ACCA. *Welch* held that the statute of limitations for seeking § 2255 relief under *Johnson* had been extended for one year pursuant to § 2255(f)(3). Because Johnson had been decided on June 26, 2015, petitioners had until June 26, 2016, to file a § 2255 motion to vacate, set aside, or correct a sentence imposed under the residual clause of the ACCA. Petitioner filed the instant Motion seeking relief under *Johnson* on July 28, 2015 and consequently does not run afoul of the statute of limitations.

*2. Petitioner's Status as a "Career Offender" Pursuant to U.S.S.G § 4B1.2*

The success of Petitioner's § 2255 Motion hinges on whether the Court erroneously designated him as a career offender based on his prior convictions for Attempted Grand Larceny from a Person and Robbery. Petitioner argues that these aforementioned crimes qualify as "crime[s] of violence" under the residual clause language in the Guidelines similar to the residual clause in the ACCA found to be unconstitutionally vague in *Johnson*.

According to the Guidelines, a "career offender" is a defendant who was (1) at least eighteen years old at the time of the commission of the instant offense of conviction; (2) the instant offense or conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Petitioner received an

8

enhanced sentence for prior convictions of Possession of a Sawed-Off Shotgun, two counts of Robbery, and Attempted Grand Larceny from a Person.

The Court may classify a defendant as a career offender based on the offenses listed in the commentary to § 4B1.2. *See Stinson v. United States*, 508 U.S. 36 (1993) (holding that guidelines' commentary "that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."). The Guidelines' commentary provides that a "'crime of violence' includes. murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." U.S.S.G. § 4B1.2(a)(1), n. 1. The commentary also explains that a crime of violence might also include "[U]nlawfully possessing a firearm . . . [as] described in 26 U.S.C. § 5845(a)." *Id.* Title 26 U.S.C. § 5845(a), specifically enumerates weapons such as shotguns, rifles, machine-guns, and silencers.

Petitioner's prior convictions for Robbery and Possession of a Sawed-Off Shotgun are offenses explicitly listed as crimes of violence in the commentary to § 4B1.2(a)(1). Those offenses were not interpreted by the Court as crimes of violence under the residual language of § 4B1.2(a)(2). Therefore, Petitioner has two prior felony convictions constituting a "crime of violence" and warranting a career offender designation. Furthermore, if sentenced today, Petitioner would still be classified as a career offender regardless if the ruling in *Johnson* is extended to the residual clause in the Guidelines.

## CONCLUSION

The Court **CONSTRUES** Petitioner's various petitions as a Motion to Vacate, Set Aside, or Correct Petitioner's Sentence pursuant to 28 U.S.C. § 2255. For the reasons stated above, Petitioner's Motion is **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is also required to issue or deny a certificate of appealability, which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's habeas petition on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Petitioner does not satisfy this standard; accordingly, the Court **DENIES** a certificate of appealability. Although Petitioner may not appeal the denial of his § 2255 Motion without a certificate of appealability, he may seek one from the United States Court of Appeals for the Fourth Circuit.

The Court **DIRECTS** the Clerk to send a copy of this Order to Petitioner and to the United States Attorney.

The Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

**IT IS SO ORDERED.**

Norfolk, Virginia
August /6, 2016

Raymond A. Jackson
United States District Judge